IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP CORDOVA,

        Plaintiff,

v.  No. CIV-00-0035 JP/DJS

NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROB PERRY, Secretary of Corrections,
JOHN SHANKS, Deputy Secretary of Corrections,
TIM LEMASTER, Warden PNM,
ROBERT ULIBARRI, Associate Warden,
DAVID ARCHULETA, Associate Warden,
JEFF SERNA, Classification/Compact Coordinator,
DONNA MARTINEZ, Classification/Compact Coordinator,
EDWARD CHAVEZ, Classification Supervisor,
JERRY TAFOYA, Classification and Investigator,
JOE ROMERO, STG Coordinator, and et al.,
in their individual and official capacities,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This removed proceeding is before the Court on Defendants' motion to dismiss (Doc. #2) filed January 14, 2000, which asks that the Court dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted. Plaintiff, who is incarcerated and appears pro se, has not responded to the motion. For the reasons below, the motion will be granted in part and denied in part.

        The complaint seeks damages and injunctive relief for alleged violations of Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments and under the New Mexico Constitution and statutes. In summary, Plaintiff alleges that he was wrongly and punitively classified, segregated, and transferred; certain Defendants conspired to place Plaintiff in danger by spreading false rumors about him; he was beaten, assaulted with "stun guns," and sexually assaulted in a Virginia state prison;

and Defendants' conduct has been in retaliation for Plaintiff's exercising his constitutional rights. Defendants argue in their motion that governmental immunity bars Plaintiff's state law claims and certain of his federal claims; no state or federal protections were implicated by Plaintiff's classification and transfer; his claims are not supported by necessary factual allegations; he has not exhausted administrative remedies; Defendants are entitled to qualified immunity; and Plaintiff's allegations do not provide a basis for injunctive relief.

### I.  Administrative Remedies

Defendants assert that Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies. Plaintiff makes no allegation that he has exhausted these remedies, and under 42 U.S.C. § 1997e(a), a complaint alleging unconstitutional prison conditions may not be brought unless available administrative remedies have been exhausted. On the other hand, the Court of Appeals for the Tenth Circuit has ruled that exhaustion is not required under § 1997e(a) for monetary damages claims. *Miller v. Menghini*, No. 99-3401, --- F.3d ---, ---, 2000 WL 639688, at *1 (10th Cir. 2000); *Garrett v. Hawk*, 127 F.3d 1263, 1264-65 (10th Cir.1997). As to Plaintiff's damages claims, therefore, the motion to dismiss will be denied. Claims for injunctive relief are subject to the exhaustion requirement, *Miller*, 2000 WL 639688, at *1, and will be dismissed for failure to exhaust available administrative remedies.

### II.  Immunity

Plaintiff's state law claims are barred by the New Mexico Tort Claims Act ("Act"). State entities and employees are immune to liability for tortious conduct except to the extent immunity is specifically waived in the Act. N.M. Stat. Ann. §§ 41-4-4(A) (Michie Repl. Pamp. 1996). Plaintiff invokes four sections of the Act, §§ 41-4-6, -9, -10, and -12. None of Plaintiff's alleged injuries,

however, resulted from negligence by Defendants as required by §§ 41-4-6, -9, and -10; and Defendants are not law enforcement officers for purposes of § 41-4-12. *Calloway v. New Mexico Dep't of Corrections*, 875 P.2d 393 (N.M. Ct. App. 1994). Plaintiff's state law claims against Defendants will be dismissed.

Likewise, Plaintiff's federal claims against Defendant New Mexico Department of Corrections ("DOC"), and against the individual Defendants in their official capacities, are barred by governmental immunity and the Eleventh Amendment. Claims against these Defendants are equivalent to a suit against the State itself. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The complaint thus fails to state a claim against a "person" for purposes of § 1983, *Will*, 491 U.S. at 71, and is barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Alden v. Maine*, 527 U.S. 706, ---, 119 S.Ct. 2240, 2246-47 (1999); *Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Plaintiff's federal claims against Defendant DOC and the individual Defendants in their official capacities will be dismissed.

The individual Defendants further contend they are qualifiedly immune to Plaintiff's claims. As state employees, Defendants enjoy qualified immunity to an action for damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). On the other hand, Defendants' motion under Fed.R.Civ.P. 12(b)(6) requires that this Court "presume[] all of plaintiff's factual allegations are true and construe[] them in the light most favorable to the plaintiff." *Riddle v. Mondragon*, 83 F.3d 1197, 1201-02 (10th Cir. 1996)." As discussed below, presuming the truth of the allegations that Defendants have retaliated and endangered Plaintiff's well-being, the complaint

appears to state claims for violations of federal rights, *Smith v. Maschner*, 899 F.2d 940, 947-48 (10th Cir. 1990); *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir. 1988), of which a reasonable person would be aware. No opinion is expressed or implied herein as to the merits of these claims, but the motion to dismiss on grounds of qualified immunity must be denied because of Plaintiff's allegations, which the Court must at this time accept as true.

### III.  Individual-Capacity Claims

Plaintiff's claims for wrongful classification, segregation, and transfer arise from allegedly false accusations that he initiated a work stoppage, caused fights, and refused to cooperate with officials. Plaintiff was found guilty of an initial disciplinary charge, and he continued to be held in segregation and was transferred even after the charges were dismissed. Furthermore, he claims his segregation and transfer were in retaliation for his grievance and litigation activities, and for filing complaints with the Department of Justice against Defendants.

To the extent these claims are brought under the Fourteenth and Eighth Amendments, they will be dismissed. As a matter of due process, Plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," *Sandin v. Conner*, 515 U.S. 472, 486 (1995), and "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Similarly, these allegations fail to state a claim under the Eighth Amendment. Plaintiff only complains of the fact that he was segregated, not that the length or conditions of segregation deprived him of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[A]n Eighth Amendment violation exists 'only when the alleged deprivation is "objectively,

'sufficiently serious,' " and the prison official acts with " 'deliberate indifference' to inmate health or safety." ' " *Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir.1996) (internal citations omitted). Plaintiff's claims for due process violations and cruel or unusual punishment will be dismissed.

Plaintiff also brings his claims for classification, segregation and transfer under the First Amendment, alleging the conduct of Defendants LeMaster, Archuleta, Ulibarri, and Chavez has been in retaliation for his exercise of constitutional rights. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. This principle applies even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). On the other hand, "[a]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights," *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at *3 (10th Cir. 2000), and the complaint contains no such specific facts. As noted above, no opinion is expressed or implied herein as to the merits of these claims; nonetheless, "[a] district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Riddle v. Mondragon*, 83 F.3d 1197, 1201-02 (10th Cir. 1996). The Court may not "pierce the veil of the complaint and dismiss plausible allegations as untruthful under Rule 12(b)(6)." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). Plaintiff will be allowed an opportunity to allege the factual basis of these claims.

The complaint further alleges Defendants Romero, Chavez, Archuleta, and Perry spread false rumors that Plaintiff ordered stabbings, snitched on other inmates, caused an inmate's death, and belonged to a gang. The false labeling of a prisoner as a "snitch" in an effort to encourage other

5

prisoners to attack him is a clear violation of the Eighth Amendment. *See Northington*, 973 F.2d at 1524. In their motion to dismiss, Defendants argue Plaintiff's allegations are vague and conclusory, and, even if true, the alleged conduct caused no injury to Plaintiff. The Court does not agree that the allegations are vague or conclusory. Furthermore, although Plaintiff must "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), as an element of a constitutional claim, physical injury is not a required element of an Eighth Amendment claim for endangerment. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Plaintiff's Eighth Amendment claims for the alleged failure to protect his well-being will not be dismissed.

Last, Plaintiff's allegations do not affirmatively link Defendants Shanks, Serna, Martinez, and Tafoya to the various alleged violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or workers supervised by the official. *Id.* Nor are claims stated against Defendants arising from alleged events in a Virginia prison. *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992). Claims against Defendants Shanks, Serna, Martinez, and Tafoya, and those against all Defendants arising from events in Virginia, will be dismissed.

Judgment will be entered in accordance with the foregoing. Because certain parties are no longer named Defendants, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay

of entry of judgment on the order of dismissal, and will direct entry of final judgment in accordance with this opinion. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. #2) filed January 14, 2000, is GRANTED in part and DENIED in part as follows:

a) Plaintiff's state law claims will be DISMISSED with prejudice;

b) Plaintiff's federal claims against Defendant Department of Corrections, and against the individual Defendants in their official capacities, will be DISMISSED with prejudice;

c) Plaintiff's claims for injunctive relief are DISMISSED without prejudice for failure to exhaust available administrative remedies;

d) Plaintiff's Due Process and Eighth Amendment claims based on alleged wrongful classification, segregation, and transfer will be DISMISSED with prejudice;

e) Plaintiff's claims against the named Defendants arising from events in Virginia will be DISMISSED with prejudice;

f) Plaintiff's claims against Defendants Shanks, Serna, Martinez, and Tafoya in their individual capacities will be DISMISSED with prejudice;

g) Plaintiff's First Amendment claims for retaliation are DISMISSED without prejudice; and within twenty (20) days from entry of this order, Plaintiff may file and serve an amended complaint alleging specific facts in support of his retaliation claims;

h) Defendants' motion to dismiss Plaintiff's Eighth Amendment claims of endangerment is DENIED;

i) Defendants' motion to dismiss on grounds of qualified immunity is DENIED.

_____
James A. Parker

                                                UNITED STATES DISTRICT JUDGE